## UNITED STATES v. JOHNSON.
### No. 7249.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1934.

David A. Turner, Atty., Dept. of Justice, of San Antonio, Tex., Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and D. Vance Swann, Atty., Veterans' Administration, of Dallas, Tex., for the United States.

Thomas E. Hayden, Jr., of Abilene, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal from a judgment for plaintiff on a war risk insurance policy presents, as so many like it do, the single question whether the proof the soldier made of total and permanent disability was sufficient in law to take his case to the jury, and support as reasonable, the finding in his favor. We think it was. All the evidence that was offered was offered by him. The Government, content with it, rested when he did and moved for a directed verdict. The refusal of this motion is the only error assigned.

The United States cites numerous war risk cases in which appellate courts, disagreeing with the District Judge's view that the evidence was sufficient to reasonably support a finding of total and permanent disability, have reversed judgments for failure to direct verdicts for it. Appellee cites a number, some from this court, in which, agreeing with the District Judge that a jury case was made out, judgments for plaintiff have been affirmed, against the assigned error that a verdict should have been directed. We know of many more which each could have cited, and of some from which we think each could have derived comfort. Indeed, it may not be denied that dealing as they do with a legal concept as little sharply defined as this of total and permanent disability under war risk policies, there are apparently almost as many varying opinions as to the sufficiency in law of the evidence, as there are as to its sufficiency in fact. In short, an uncareful reading of the opinions makes it sometimes seem that whether one is in law by reason of disability permanently prevented from following, without serious injury to his life or health, a substantially gainful occupation, or, as it is sometimes put, from making a living by working, is almost as much a matter of individual judgment as whether he is so in fact. Appellate courts have recognized and faced this difficulty. They have done what they could to formulate standards which, while flexible enough to neither unreasonably reject nor unreasonably accept all claims, will furnish a guide for a reasonable determination in each of these cases of the question whether the evidence supports the verdict, recognizing that in some of the border line cases the ground of the conclusion is less easily stated than felt.

In the Lumbra Case, 290 U. S. 551, 54 S. Ct. 272, 275, 78 L. Ed. 492, the Supreme Court undertook a statement of it. "The phrase 'total permanent disability' is to be construed reasonably and having regard to the circumstances of each case. As the insurance authorized does not extend to total temporary or partial permanent disability, the tests appropriate for the determination of either need not be ascertained. The various meanings inhering in the phrase make impossible the ascertainment of any fixed rules or formulæ to govern its construction. That which sometimes results in total disability may cause slight inconvenience under other conditions. Some are able to sustain themselves, without serious loss of productive power, against injury or disease sufficient totally to disable others."

In the Vineyard Case, 71 F.(2d) 624, we tried to etch the pattern a little more clearly; but no court has yet succeeded, nor should it succeed, in laying down with exactness this or that as a standard of totality and permanence. If any such delusive exactness were attempted, it would be here, as it has elsewhere been, a source of great fallacy in the law.

Examining the question of law raised in this case, whether reasonable minds could, upon the evidence adduced, reach the verdict the jury did in the light of the applicable decisions, we think a brief summary of its facts will show that the court did not err in refusing to direct a verdict.

Hale and well when he entered the army, he contracted tuberculosis there. Discharged as unfit for military duty on account of pulmonary tuberculosis, he immediately applied for and was allowed compensation for incapacity. At that time, though he did not formally press his claim, the Government knew that he was claiming to be totally and permanently disabled, for they noted on his insurance contract and his discharge that he was applying for compensation and insurance benefits. Continuously and up to the trial, his condition has been such that any kind of exertion brings on fits of coughing. Continuously, from the time of his discharge up to the trial, he has been able to speak hardly above a whisper. The testimony of all the witnesses is to the effect that though he has at times undertaken to work, it has been at the expense of injury to his health. All say that such farming as he has done has been entirely with hired help whom he has directed in the intervals when he was not confined to bed, which he testified was 50 per cent. of the time. All say that for years he has not been able to do any physical work. He testified to treatment by physicians, and that he had done what he could to protect

himself and improve his health. Here every element, which is usually pointed out in opinions as making against the claim of total and permanent disability, is absent; those which make for it, present. Instead of the claim having been just lately made after many years, it has existed and been made from the beginning. Instead of its being an afterthought, it is shown on the discharge papers to have been claimed as existing in its totality when he was discharged. Instead of there being evidence that he has neglected his condition, and thus aggravated it, his evidence is that he has taken treatment, and done what he could to help himself, and there is no evidence from the Government to the contrary. One of plaintiff's witnesses, a doctor, did testify that he examined the plaintiff and reported him as having a case of arrested tuberculosis, but the report, when obtained, showed that, on the contrary, he had reported it as active. This same physician testified that he had advised plaintiff to rest more because of his condition, while the physician now treating him testified to his having had a recent hemorrhage. It was shown that plaintiff had farmed by directing hired hands, and that he had made some living that way. The Government had the right to argue from this that he was not totally and permanently disabled from making a living; but these facts were not sufficient in themselves, as matter of law, to defeat him; it was for the jury to say whether they rebutted and overcame the others tending to show that he was.

The judgment is affirmed.